NOONAN, Circuit Judge,
concurring and dissenting:
I concur in the opinion of the court, clear and convincing as it is in most respects, except as to one vital point as to which I dissent: the tolling of the time for filing for post-conviction relief.
The district court found that Schneider’s “mental health conditions constituted extraordinary circumstances standing in the way of his filing a timely federal petition, such that he likely would have been unable to file a timely federal petition due to those circumstances.” The district court found further: Schneider “would have likely been unable to file a timely federal petition with these conditions unless another individual actively pursued the multiple required steps for him. Schneider’s mental health conditions, in particular, made it unlikely that he would be able to maintain the focus, pace, consistent direction, and organizational ability required to complete the multiple steps required to prepare a post-conviction petition.” In the eight years in which he did nothing, there was no other person to assist him. He was, the district court concluded, incapable of filing a federal petition.
Why, in the same time period, was he capable of filing a state petition? The district court did not say. Was Schneider able to maintain focus, pace and consistent direction when he addressed the state? The district court had found incapacity to prepare the federal petition. What different capacity did Schneider possess when the petition was submitted to the state?
Not addressing these questions, the court in the instant opinion first speaks of comity as a consideration that the district court properly considered. Comity cannot change a fact. Comity cannot convert lack of focus, pace, consistency of direction and organizational skills into capabilities now enjoyed by the state petitioner. Comity cannot turn incompetence into competence.
The instant opinion drops comity and moves to cite Hughes and Tacho. Neither is relevant or of help here. In Tacho, the petitioner had the assistance of another person. Here, for eight years Schneider did not. In Hughes, the petitioner was illiterate but not ill in mind. Illiterate persons are capable of informing themselves by speaking to others. They are not incapacitated in understanding or in judgment. To draw an analogy between an illiterate petitioner and a mentally impaired petitioner is to deny basic differences in the two conditions.
As the instant opinion observes, the Eighth Circuit has reached a different conclusion, so that unfortunately the instant opinion creates a circuit split.
*1157 For these reasons the district court erred in its factfinding, and the instant opinion endorses the error.